**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CIVIL ACTION NO. 3:10-CR-75 |
| ANTHONY J. MUNCHAK | (JUDGE CAPUTO) |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Anthony Munchak's Motion for Bail Pending Appeal (Doc. 273.)  Mr. Munchak was convicted by a jury in June of 2011 for crimes stemming from his position as Lackawanna County Commissioner.  On January 30, 2012, Mr. Munchak was sentenced to a term of eighty-four months incarceration, concurrent with several lesser terms.  The Judgment of conviction and sentence was entered by the Court on February 14, 2012. (Doc. 269.)  Mr. Munchak subsequently appealed the Court's Judgment of conviction and sentence. (Doc. 270.)  Now, Mr. Munchak seeks release pending the Third Circuit's resolution of his appeal. (Doc. 273.)  According to Mr. Munchak, release pending appeal is mandated in this case because of errors in the Court's jury instructions related to the § 666 bribery charges (Counts 13-15) and the Hobbs Act extortion charges. (Counts 19, 22-23.)  Because Mr. Munchak cannot establish that his appeal raises a substantial question of law or fact, his Motion for Bail Pending Appeal will be denied.

**I. Background**

Mr. Munchak was convicted in June of 2011 for crimes stemming from his position as Lackawanna County Commissioner.  In particular, Mr. Munchak was found guilty of accepting money from local businesses to maintain contracts with Lackawanna County. Mr. Munchak was convicted of the following offenses: conspiracy to commit theft or bribery in

violation of Title 18, United States Code, Section 371, (count 13); bribery in violation of Title 18, United States Code, Section 666(a)(1)(B) (counts 14 and 15); conspiracy to commit extortion under color of official right in violation of Title 18, United States Code Section 1951(a) (count 19); extortion under color of official right in violation of Title 18, United States Code, Section 1951(also known as the Hobbs Act) (counts 22 and 23); subscribing and filing a materially false tax return in violation of Title 26, United States Code, Section 7206(1) (count 37); and, income tax evasion in violation of Title 26, United States Code, Section 7201 (count 40).  After the Court entered a Judgment of conviction and sentence, (Doc. 269), Mr. Munchak filed a Notice of Appeal from the Judgment of conviction and sentence. (Doc. 270.)   Mr. Munchak now seeks release pending the Third Circuit's resolution of his appeal. (Doc. 273.)

According to Mr. Munchak, release pending appeal is warranted in his case because he does not present a risk of flight or danger to the community, his appeal is not taken for purposes of delay, and a favorable ruling on appeal would result in a complete reversal of all his convictions. (Doc. 275, 1-2, 8.)

Mr. Munchak also asserts that his appeal presents several substantial questions of law or fact. (Doc. 275, 2-6.)  Mr. Munchak argues that: (1) the Court's jury instructions on the § 666 bribery charges were inconsistent with the Third Circuit's definition of bribery as a *quid pro quo* exchange, (Doc. 275, 2-3); (2) the Court's jury instructions lowered the Government's burden of proof for the Hobbs Act extortion charges, (Doc. 275, 4-5); and (3) the Court erred in instructing the jury that an overt act is not a prerequisite for a Hobbs Act conspiracy conviction. (Doc. 275, 6.)  Mr. Munchak, however, did not object to these instructions at trial.

2

The Government opposes Mr. Munchak's request for release pending appeal. (Doc. 281.) According to the Government, Mr. Munchak's appeal is for purposes of delay and fails to present a substantial question of law or fact thus barring his release during the pendency of his appeal. (Doc. 281.) The motion has been fully briefed and is now ripe for disposition.

## II. Discussion

**A.     Relevant Legal Standards**

    **1.     18 U.S.C. § 3143**

Under 18 U.S.C. § 3143(b), a defendant who has appealed his conviction is entitled to release pending appeal only if a court finds:

> (A) by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; *and*
>
> (B) that the appeal is not for purposes of delay and raises a *substantial question of law or fact* likely to result in-
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added). In *United States v. Miller*, 753 F.2d 19, 22-23, (3d Cir. 1985), the Third Circuit construed the original version of the statute, which is nearly identical to the statute in its present form, as follows:

> [U]nder the criteria established by the 1984 Act which the defendant now has

3

> the burden of proving if s/he seeks bail pending appeal, the court must find:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purposes of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Miller*, 753 F.2d at 24. As such, the Court shall grant Mr. Munchak release pending appeal only if he satisfies each of the four *Miller* requirements.

### 2. Failure to Object to Jury Instructions

Rule 30 of the Federal Rules of Criminal Procedure provides that:

> A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. . . . Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).

Fed. R. Crim. P. 30(d). Thus, when a party fails to properly object to jury instructions, appellate review is available only when the trial court commits "plain error that affects substantial rights." Fed. R. Crim. P. 52(b); *see also United States v. Brown*, 356 F. Supp. 2d 470, 482-83 (M.D. Pa. 2005) (Rambo, J.) (plain error analysis was warranted due to defense counsel's failure to object to jury instructions at trial preventing the defendant from rebutting presumption against denying bail pending appeal).

As Mr. Munchak failed to object to the Court's jury instructions relating to the § 666 and Hobbs Act charges, the Third Circuit will review Mr. Munchak's arguments for plain error. And, the Third Circuit will find plain error only if: (1) there was error; (2) the error was

clear or obvious; (3) the error impacted the defendant's substantial rights; and (4) the error seriously impacted the fairness, integrity, or public reputation of the legal proceedings. *See United States v. Tyson*, 653 F.3d 192, 211 (3d Cir. 2011) (citing *United States v. Lee*, 612 F.3d 170, 178 (3d Cir. 2010)).  With these principles in mind, the Court will address the merits of Mr. Munchak's motion.

**B.     Mr. Munchak's Motion**

As set forth above, for Mr. Munchak to be entitled to release pending appeal he must establish that he is not likely to flee or pose a danger to the safety of others or the community. *See* 18 U.S.C. § 3143(b)(1)(A).  The Government concedes that Mr. Munchak is not a flight risk or a danger to the community. (Doc. 281, 3.)  The Court agrees and finds that Mr. Munchak adequately satisfies the first requirement of § 3143(b)(1).

Second, Mr. Munchak must establish that the appeal is not taken for purposes of delay. *See* 18 U.S.C. § 3143(b)(1)(B).  The Government contends that Mr. Munchak's appeal is meritless and "his stonewalling and repeated denials of guilt additionally show his intent to avoid serving [his] sentence . . . ." (Doc. 281, 4.)  The parties only briefly addressed this issue in their written submissions, and neither party cited precedent in support of its position. (Doc. 275; Doc. 281; Doc. 283).  However, because the Court's analysis of the third *Miller* requirement is dispositive of the instant motion, the Court will proceed as though Mr. Munchak's appeal is not for purposes of delay.

**1.     Substantial Question of Law or Fact**

Mr. Munchak argues that his appeal satisfies the "substantial question" requirement because:  (a) the Court's jury instructions on the § 666 bribery charges failed to require a

*quid pro quo* exchange, (Doc. 275, 2-3); (b) the Court's jury instructions lowered the Government's burden of proof for the Hobbs Act extortion charges, (Doc. 275, 4-5); and (c) the Court erred in instructing the jury that an overt act is not required for a Hobbs Act conspiracy conviction. (Doc. 275, 6.)

An appeal presents a "substantial question" when the "significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). Lack of controlling precedent, however, "does not necessarily make a question substantial, the question may lack merit on its face." *United States v. Johnson*, No. 09-698, 2010 WL 1688547, at *2 (E.D. Pa. Apr. 26, 2010) (citing *United States v. Quiles*, No. 07-391-01, 2009 WL 764306, at *3 (E.D. Pa. Mar. 23, 2009)). Instead, a question is significant if it is "fairly debatable." *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986). As Mr. Munchak argues that he raises three "substantial questions," the Court will address each *in seratim*.

### a. § 666 Bribery Instructions

Mr. Munchak was convicted of conspiracy to commit 18 U.S.C. § 666 as well as two substantive Counts of violating the same. Mr. Munchak asserts that his appeal raises a "substantial question" as to "whether the definition of Section 666 bribery differs from the definition of Section 1346 bribery, which requires a *quid pro quo* exchange." (Doc. 275, 2.) Mr. Munchak argues that the Third Circuit has not yet opined on this issue that is the subject of a "deep circuit split." (Doc. 275, 2.) Furthermore, Mr. Munchak asserts that the jury instruction permitted a conviction of § 666 if he "accepted the payment with the intent to be rewarded for a decision already made," which is a significantly lower standard than true

6

bribery. (Doc. 275, 3.)

The Government disputes Mr. Munchak's position.  Specifically, the Government contends that two recent, albeit unpublished, Third Circuit opinions have held that the failure to require a *quid pro quo* exchange in a § 666 jury instruction is not plain error. (Doc. 281, 6.)  Additionally, the Government claims that the Court's instructions did not lower the standard of proof required for true bribery. (Doc. 281, 7.)

As Mr. Munchak identifies, "the Courts of Appeals are split regarding whether a conviction under § 666 requires proof of a *quid pro quo*." *United States v. Beldini*, 443 Fed. Appx. 709, 717(3d Cir. 2011); *see, e.g., United States v. Redzic*, 627 F.3d 683, 692 (8th Cir. 2010) ("government must present evidence of a *quid pro quo*, but an illegal bribe may be paid with the intent to influence a general course of conduct.  *It was not necessary for the government to link any particular payment to any particular action undertaken by 'the defendant'*"); *United States v. McNair*, 605 F.3d 1152, 1187-88 (11th Cir. 2010) ("the government is not required to tie or directly link a benefit or payment to a specific official act by that County employee.  *The intent that must be proven is an intent to corruptly influence or to be influenced 'in connection with any business' or 'transaction,' not an intent to engage in any specific quid pro quo*"); *United States v. Abbey*, 560 F.3d 513, 520-22 (6th Cir. 2009) ("*the statute does not require the government to prove [the defendant] contemplated a specific act when he received the bribe*. . . . [Thus,] the district court's instructions were not improper for failing to include a requirement that the government prove a direct link from some specific payment to a promise of some specific official act"); *United States v. Ganim*, 510 F.3d 134, 147 n.7 (2d Cir. 2007) ("bribery under § 666 requires a *quid pro quo*"); *United*

7

*States v. Gee*, 432 F.3d 713, 714 (7th Cir. 2005) ("the defendant contends that the absence of a *quid pro quo* prevents conviction. *Yet the statute does not require any such link*. A *quid pro quo* of money for a specific legislative act is sufficient to violate the statute, but it is not necessary"); *United States v. Jennings*, 160 F.3d 1006, 1020 (4th Cir. 1998) (district court's jury instructions must "explain properly the *quid pro quo* element of § 666(a)(2)") (emphasis added.) But, the Third Circuit has not yet decided this issue. *See, e.g., United States v. Van Pelt*, 448 Fed Appx. 301, 305 (3d Cir. 2011).

Despite the circuit split over whether § 666 requires a *quid pro quo*, Mr. Munchak's motion does not raise a "fairly debatable" issue for appeal for multiple reasons. First, assuming the Third Circuit requires a *quid pro quo*[1] for a § 666 conviction, the Court's jury instructions sufficiently conveyed the necessity of a connection between the value received by Mr. Munchak and the Lackawanna County business influenced. The instructions provided, in pertinent part, that the Government must prove beyond a reasonable doubt that "Defendant accepted, agreed to accept, solicited, or demanded something of value corruptly and with the intent to be influenced or rewarded in connection with some business or transaction of Lackawanna County." (Doc. 196, 172.)[2] Such an instruction required the jury to find that Mr. Munchak engaged in a *quid pro quo* exchange of favorable Lackawanna County treatment for his financial benefit.

Second, as acknowledged by Mr. Munchak, two recent unpublished Third Circuit

---

[1] "*Quid pro quo*" is defined as "[a]n action or thing that is exchanged for another action or thing of more or less equal value." Black's Law Dictionary 1367 (9th ed. 2009).

[2] The Court's instructions were patterned after the Third Circuit's model instructions. *See Third Circuit Model Jury Instructions: Criminal* § 6.18.666A1B (2010).

opinions have concluded that the district court did not commit plain error in providing the jury with instructions that are similar to the instructions given in this case. *See United States v. Van Pelt*, 448 Fed Appx. 301, 304-05 (3d Cir. 2011); *United States v. Beldini*, 443 Fed. Appx. 709, 717(3d Cir. 2011). In *Van Pelt*, United States District Judge Pisano instructed the jury that the defendant "must have intended to be influenced 'corruptly' and 'in connection with' the state's business." *Van Pelt*, 448 Fed. Appx. at 304. The Third Circuit found no error with the district court's instructions even "assuming *arguendo* that § 666 requires a *quid pro quo*, . . . [the instruction] required the jury to find [the defendant] was 'influenced' by or 'rewarded' with a payment in connection with New Jersey's business." *Id*. Similarly, in *Beldini*, the Third Circuit concluded that the defendant did not show that the district court's failure to require proof of a *quid pro quo* in a § 666 jury instruction was an error, and, even if it was an error, the defendant failed to show that the error was plain, clear, or obvious. *Beldini*, 443 Fed. Appx. at 717.

Third, in a recent precedential Third Circuit opinion, *United States v. Bryant*, 655 F.3d 232, 246-47 (3d Cir. 2011), the defendant appealed the district court's § 666 bribery jury instructions. The instructions required the jury to find: "that [the defendant] corruptly accepted, agreed to accept, solicited, or demanded salary payments and other financial benefits from UMDNJ/SOM, the *quid*: while intending to be influenced in taking favorable actions toward SOM in his capacity as state legislator, the *quo*." *Id*. at 246. The appellant asserted that the instructions might have led the jury to conclude that the salary was not provided "in exchange for" official action. *See id*. The Third Circuit, however, "failed to see the lack of an exchange requirement in these instructions." *Id*. Moreover, although "the

9

Government argues that § 666 does not require proof of a *quid pro quo* in any event. Because we believe that the instruction did require the jury to find an exchange, we need not decide that question today." *Id*. at 247 n.16. As quoted above, the Court's instructions on the § 666 charge, outside of the reference to "the *quid*" and "the *quo*," provide the same instruction that the *Bryant* court found required proof of a *quid pro quo*- conviction of Mr. Munchak required the jury to find an exchange of financial benefit for beneficial treatment. As Third Circuit "case law does not require that such a phrase [*quid pro quo*] be included *verbatim* in the charge," *Van Pelt*, 448 Fed. App. at 304 (citing *Bryant*, 655 F.3d at 247 n.16), the Court's charge properly instructed the jury that a § 666 conviction required a finding that Mr. Munchak exchanged beneficial county treatment for financial compensation.

Fourth, because Mr. Munchak did not object to the Court's instructions, Mr. Munchak's appeal would be reviewed only for plain error. *See* Fed. R. Crim. P. 30. As Mr. Munchak failed to timely bring this issue to the attention of the Court, his case is likely "an unsuitable occasion for [the Third Circuit] to decide on which side of the circuit split [it] falls." *Van Pelt*, 448 Fed. Appx. at 305. While the Court should refrain from predicting the outcome of Mr. Munchak's appeal, Mr. Munchak's failure to object impacts any "substantial question" he seeks to assert on appeal because it significantly decreases the likelihood that the Third Circuit "could resolve the issues [in a different manner]; or that [his] questions are adequate to deserve encouragement to proceed further." *United States v. Fuomo*, No. 06-319, 2009 WL 2603368, at *1 (E.D. Pa. Aug. 20, 2009) (quoting *United States v. Smith*, 793 F.2d 85, 89-90 (3d Cir. 1986)).

Finally, Mr. Munchak contends that the Court improperly instructed the jury that he

could be convicted if he "accepted the payment with the intent to be rewarded for a decision already made." (Doc. 275, 3.)  Initially, Mr. Munchak fails to recognize that § 666(a)(1)(B) specifically criminalizes the acceptance of "anything of value from any person, intending to be influenced or *rewarded* in connection with any business . . . ." 18 U.S.C. § 666(a)(1)(B) (emphasis added).  Also contradicting Mr. Munchak's position that the Court erred in referencing a "reward" when instructing the jury is the fact that the Third Circuit "has no precedent establishing that use of the word 'rewarded' under § 666 is limited to gratuity and does not refer to bribery." *Beldini*, 443 Fed. Appx. at 717 n.14.  And, the Third Circuit has found that the district court did not commit plain error in providing the jury with an instruction *virtually identical* to the Court's instruction on Mr. Munchak's § 666 charges. *See United States v. Plaskett*, 355 Fed. Appx. 639, 644 (3d Cir. 2009).

In light of the foregoing, the Court concludes that Mr. Munchak fails to raise a "substantial question" regarding the adequacy of the Court's jury instructions on the § 666 charges.

### b. Hobbs Act Instructions

Mr. Munchak was convicted of conspiring to commit Hobbs Act extortion under color of official right as well as two substantive counts of the same.  Mr. Munchak argues that the Court's instructions to the jury erroneously departed from the Supreme Court's decision in *Evans v. United States*, 504 U.S. 255, 112 S. Ct. 1881, 119 L. Ed. 2d 57 (1992), and that the Court improperly lowered the government's burden of proof "by failing to require knowledge that the payment was made in return for an agreement to perform **specific** official acts." (Doc. 275, 4.)  According to Mr. Munchak, the Court erred in instructing the

11

jury as follows: "extortion under color of official right means that the public official induced, obtained, accepted or agreed to accept a payment to which he or she was not entitled knowing that the payment was made in return for taking or *withholding or influencing official acts*." (Doc. 196, 175-176.)[3] In opposition, the Government accuses Mr. Munchak of selectively paraphrasing the Court's Hobbs Act instructions. (Doc. 281, 8.)

Mr. Munchak's argument is flawed in two aspects.  First, the Third Circuit has previously found a similar jury instruction to sufficiently describe a Hobbs Act extortion charge. *See United States v. Urban*, 404 F.3d 754, 782-83 (3d Cir. 2005).  In *Urban*, the district court's instruction "required the government to prove that Appellants accepted payment 'knowing that the payment was made in return for taking, withholding, or influencing official acts.'" *Id*. at 783.  In reading the instructions as whole, the Third Circuit found that the charge "did not allow for the possibility that [Appellant] was convicted on proof that he accepted an unsolicited, voluntary payment." *Id*.

Mr. Munchak also misreads *Evans* and fails to recognize well-settled Third Circuit precedent establishing that Hobbs Act extortion does not require the government to link an improper payment to a specific official act.  Mr. Munchak asserts that the Court's instructions diluted *Evans'* pronouncement that a Hobbs Act "offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts." *Evans*, 504 U.S. at 268; Doc. 275, 4; Doc. 283, 2.  Mr. Munchak fails to continue reading the Supreme Court's opinion, however, as *the final sentence of the*

---

[3]   These instructions were patterned, *verbatim*, after the Third Circuit's model instructions. *See Third Circuit Model Jury Instructions: Criminal* § 6.18.1951-6 (2010).

*same paragraph* he relies on states: "***[w]e hold today*** that the Government need only show that *a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for **official acts***." *Id*. at 268 (emphasis added).

*Evans'* holding that Hobbs Act extortion requires only a payment in return for official acts has been repeatedly followed by the Third Circuit. *See, e.g., United States v. Manzo*, 636 F.3d 56, 60 (3d Cir. 2011) ("the government to prove a violation of the Hobbs Act . . . need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was made *in return for official acts*"); *United States v. Donna*, 366 Fed. Appx. 441, 449 (3d Cir. 2010) ("*the official does not have to promise to perform a specific action in exchange for a specific gift*; instead, the official can accept a 'stream of benefits' in exchange for one or more official acts as though the official is on a retainer); *United States v. O'Grady*, 280 Fed. Appx. 124, 132-33 (3d Cir. 2008) ("contrary to [the defendant's] argument that the government must prove [the defendant] entered into an 'actual agreement,' the 'government need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was *in return for official acts*"); *Urban*, 404 F.3d at 780 (rejecting the defendant's proposed jury instruction that the government "had to prove that the public official knew that he was being offered payment in exchange for a specific requested exercise of his official power" because the instruction "misstate[d] the law"); *see also United States v. Bradley*, 173 F.3d 225, 231-32 (3d Cir. 1999) (district court's charge proper when court instructed the jury that "the government does not have to prove that there was an express promise on the part of the public official to perform a particular act at the time of the payment . . . . *it is sufficient if the public official*

13

*understands that he is expected, as a result of the payment, to exercise particular kinds of influence or to do certain things connected with his office as specific opportunities arise*") (emphasis added).[4]

Because the Court properly instructed the jury on the Hobbs Act extortion elements in accordance with Third Circuit precedent, Mr. Munchak fails to present a "substantial question" mandating his release pending appeal.

### c.     Hobbs Act Conspiracy Overt Act Instruction

The final "substantial question" Mr. Munchak claims to present is whether an overt act is required for a Hobbs Act conspiracy conviction. (Doc. 275, 5.) Although Mr. Munchak concedes that "the weight of authority in other circuits does not require an overt act," Mr. Munchak contends that the question is "fairly debatable" because district courts in this Circuit have not uniformly resolved the issue. (Doc. 275, 5.)

In instructing the jury on the conspiracy to commit Hobbs Act extortion, the Court instructed that "there are no overt acts required with this conspiracy charge." (Doc. 197, 11.) While the Third Circuit has not decided whether conspiracy to commit Hobbs Act extortion requires an overt act, multiple Courts of Appeals have held that proof of an overt act is not necessary. *See, e.g., United States v. Palmer*, 203 F.3d 55, 63-64 (1st Cir. 2000); *United*

---

[4] Like the Third Circuit, other Courts of Appeals have rejected the "specific official act" argument advanced by Mr. Munchak. *See, e.g., United States v. Abbey*, 560 F.3d 513, 515 (6th Cir. 2009) (rejecting the defendant's argument that to sustain a conviction under the Hobbs Act the government "must prove a direct link between a specific gift given to a public official and an explicit promise by that official to perform a specific, identifiable official act in return"); *United States v. Ganim*, 510 F.3d 134, 145 (2d Cir. 2007) (the defendant's "proposal- that a specific act be identified and directly linked to a benefit at the time the benefit is received- demands too much").

14

*States v. Pistone*, 177 F.3d 957, 960 (11th Cir. 1999); *United States v. Clemente*, 22 F.3d 477, 480 (2d Cir. 1994); *United States v. Tormos-Vega*, 959 F.2d 1103, 1115 (1st Cir. 1992) (noting that the only difference between § 1951 and a general conspiracy under § 371 is that "§ 1951 does not require proof of an overt act in furtherance of the conspiracy, whereas § 371 . . .requires proof of an overt act"); *Ladner v. United States*, 168 F.2d 771, 773 (5th Cir. 1948) (conspiracy to interfere with interstate commerce "does not require an overt act to complete the offense"); *see also United States v. Facciolo*, 753 F. Supp. 449 (S.D.N.Y. 1990) ("the Hobbs Act does not require that any overt act be committed in furtherance of such a conspiracy to make out a violation").[5]  Nevertheless, as noted by Mr. Munchak (Doc. 275, 6), district courts in the this Circuit have diverged over whether Hobbs Act conspiracy requires proof of an overt act.  *Compare United States v. Kale*, No. 09-264-3, 2010 WL 1718291, at *4 (E.D. Pa. Apr. 26, 2010) (Padova, J.) ("Government asserts that proof of a Hobbs Act conspiracy also requires proof of an overt act.  We disagree"), *with United States v. Gilliard*, No. 04-355-02, 2009 WL 4043288, at *6 (E.D. Pa. Nov. 20, 2009) (DuBois, J.) (including an overt act requirement for Hobbs Act conspiracy).

Based on the evidence presented by Mr. Munchak, he fails to present sufficient evidence that a "substantial question" exists as to whether Hobbs Act conspiracy requires an overt act.  While Mr. Munchak relies on the fact that different district courts in the Third Circuit have resolved the issue differently, the Court cannot conclude that this renders the question "fairly debatable" in light of the decisions of numerous Courts of Appeals holding

---

[5] The commentary to the Third Circuit's model instructions cites *Ladner* and *Facciolo* for the proposition that "a Hobbs Act conspiracy does not require proof of an overt act." *Third Circuit Model Jury Instructions: Criminal* § 6.18.1951 cmt. (2010).

that Hobbs Act conspiracy does not require proof of an overt act.  Moreover, as the Third Circuit cautions against inferring an overt act into a statute when its language contains no such requirement, *United States v. Fullmer*, 584 F.3d 132, 160 n.13 (3d Cir. 2009), the Court is not convinced that Mr. Munchak's appeal presents a "fairly debatable" issue as to the sufficiency of the Court's Hobbs Act conspiracy instruction.

Accordingly, the Court holds that Mr. Munchak's appeal fails to present a "substantial question of law or fact."  Mr. Munchak's motion will therefore be denied as he is unable to establish the necessary requirements for release pending appeal set forth in 18 U.S.C. § 3143(b).

### 2. **Reversal of Sentence**

Although the Court's determination that Mr. Munchak's appeal does not present a "substantial question" is dispositive of his motion, the Court will briefly address the fourth requirement for release pending appeal pursuant to § 3143(b).  Mr. Munchak asserts that reversal of the § 666 and Hobbs Act convictions would require reversal of his tax conviction based on prejudicial spillover. (Doc. 283, 2.)  Specifically, Mr. Munchak alleges that "because the Court of Appeals would find prejudicial spillover and reverse the tax counts if reversing the corruption counts, the appellate issues would result in a complete reversal of Mr. Munchak's conviction if he prevailed." (Doc. 273, 8.)

The Court, without deciding, notes that reversal on the Hobbs Act or § 666 convictions would not necessarily result in the complete reversal of Mr. Munchak's tax convictions.  Mr. Munchak received a sixty (60) month sentence of incarceration for his conviction for committing tax evasion in violation of 26 U.S.C. § 7201. (Doc. 269.)  As the Government points out, Mr. Munchak's tax convictions were premised on his acceptance

16

and failure to report as income $60,000 from Highland Associates. (Doc. 281, 11.) Thus, the evidence supporting the tax charges may be sufficiently distinct to support the verdicts on the tax convictions, preventing Mr. Munchak from satisfying the two-step prejudicial spillover test. *See United States v. Wright*, 665 F.3d 560, 575 (3d Cir. 2012). Because it is uncertain if Mr. Munchak can establish "prejudicial spillover," it is not clear whether reversal of the § 666 or Hobbs Act convictions would require Mr. Munchak to be retried on the tax charges, or if the Third Circuit would merely remand to the Court for sentencing Mr. Munchak on the tax convictions. *See* 18 U.S.C. § 3143(b)(1)(B); *Wright*, 665 F.3d at 575. Nevertheless, the Court need not resolve this issue as Mr. Munchak's failure to present a "substantial question" entitling him to release pending his appeal is dispositive of the instant motion.

### III. Conclusion

For the above stated reasons, Mr. Munchak's appeal fails to present a "substantial question of law or fact." Mr. Munchak's Motion for Bail Pending Appeal will therefore be denied.

An appropriate order follows.

<u>March 30, 2012</u>                                     <u> /s/ A. Richard Caputo </u>
Date                                                                    A. Richard Caputo
                                                                              United States District Judge